UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| IN RE: ADVOCATE FINANCIAL, L.L.C. | CIVIL ACTION |
|---|---|
| | NO: 10-1528 |
| | SECTION: "S" (1) |

## OPINION

Debtor, Advocate Financial, L.L.C., appeals the bankruptcy court's granting of Hancock Bank of Louisiana's motion to transfer the matter to the United States Bankruptcy Court for the Middle District of Louisiana. For the reasons set forth, the decision of the bankruptcy court transferring the matter to the United States Bankruptcy Court for the Middle District of Louisiana is **AFFIRMED**.[1]

## BACKGROUND

Advocate Financial, L.L.C. ("Advocate") lends money to attorneys, law firms, and litigants to finance litigation expenses. Advocate's twenty-eight customers were located in Louisiana and

---

[1] Advocate Financial, L.L.C. is appealing an interlocutory order of the bankruptcy court, and did not file a motion for leave to appeal. However, pursuant to Rule 8003(c) of the Federal Rules of Bankruptcy Procedure, if a notice of appeal is timely filed, the district court may grant leave to appeal. Advocate Financial, L.L.C.'s notice of appeal was timely filed, therefore, it is hereby granted leave to appeal.

Texas. Specifically, fifteen of Advocate's customers were located within the Eastern District of Louisiana, eight were located in the Middle District of Louisiana, and the remainder were in the Western District of Louisiana or in Texas. Further, Advocate lent $12,300,000, to clients within the Eastern District of Louisiana, which comprised 57% of the total amount of Advocate's business in dollars.

In April 2003, Advocate took out a revolving line of credit with Hancock Bank of Louisiana ("Hancock Bank") to fund its lending operations. The loan became due on January 31, 2010. Advocate filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on March 2, 2010, in the United States Bankruptcy Court for the Eastern District of Louisiana.

At all relevant times prior to filing its bankruptcy petition, Advocate maintained its domicile, residence, and principal place of business in Baton Rouge, Louisiana, which is within the Middle District of Louisiana. Further, Advocate kept the promissory notes obtained from its customers in its Baton Rouge office. After it filed its bankruptcy petition, Advocate closed its Baton Rouge office and moved to New Orleans, Louisiana, which is within the Eastern District of Louisiana.

Hancock Bank filed a motion to transfer Advocate's bankruptcy case to the United States Bankruptcy Court for the Middle District of Louisiana arguing that venue was improper in the United States Bankruptcy Court for the Eastern District of Louisiana, because for the 180 days prior to filing its bankruptcy petition, Advocate's domicile, residence, principal place of business, and primary assets, the promissory notes, were located in Baton Rouge, Louisiana. The bankruptcy judge granted the motion. Advocate appealed.

## ANALYSIS

**A. Standard of review**

District courts of the United States have jurisdiction to hear appeals from orders of the bankruptcy court. See 28 U.S.C. § 158(a). "[C]onclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*." In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

**B.     Advocate's Principal Assets**

Advocate argues that the bankruptcy judge misapplied the bankruptcy venue statute, 28 U.S.C. § 1408.[2] Section 1408 provides in pertinent part that:

> [e]xcept as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district --
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for one hundred and eighty days immediately preceding such commencement . . .

28 U.S.C. § 1408. The bankruptcy judge found that for the 180 days prior to the commencement of the bankruptcy proceeding, Advocate maintained its principal place of business in Baton Rouge, Louisiana, and that it kept its principal assets, the promissory notes, in Baton Rouge, Louisiana. As

---

[2] Hancock Bank argues that Advocate's brief did not address this issues raised in the designations accompanying its notice of appeal, and that Advocate did not raise the issue of whether promissory notes are equivalent to accounts receivable before the bankruptcy judge. The issues addressed in Advocate's brief can reasonably be inferred from the designations accompanying its notice of appeal. Further, in the bankruptcy proceeding, Advocate specifically stated that: "The assets are the borrowers, the customers. The paper represents their indebtedness." Therefore, the issue was raised before the bankruptcy judge.

3

a result, the bankruptcy judge found that venue was proper in the Untied States Bankruptcy Court for the Middle District of Louisiana, and transferred the case.

Advocate argues that the bankruptcy judge committed an error of law in finding that its principal assets were located within the Middle District of Louisiana, rather than within the Eastern District of Louisiana. Advocate argues that the location of its customers, i.e. the debtors on the promissory notes, rather than the location of the promissory notes, determines the location of its principal assets. Advocate analogizes its promissory notes to accounts receivable. Advocate cites cases in which the court found that the debtor's principal assets were accounts receivable, and found that accounts receivable are located where the account debtors are located. See In re J & L Plumbing & Heating, Inc., 186 B.R. 388 (E.D. Pa. 1995); In re World of English, 16 B.R. 817, 819 (Bankr. N.D. Ga. 1982); In re Mainline Contracting, Inc., 2009 WL 3785568 (Bankr. E.D.N.C. 11/10/09); In re Hopewell Int'l Ins. Ltd., 238 B.R. 25, 48 (Bankr. S.D.N.Y. 1999).

Under Louisiana law, promissory notes and accounts receivable are not analogous. A "promissory note" is "an instrument that evidences a promise to pay a monetary obligation." LOUISIANA REVISED STATUTES § 10:9-102(65). The definition of "account" specifically excludes "rights to payment evidence by chattel paper or an instrument." Id. at § 10:9-102(2). Further, when an instrument, such as a promissory note, is used as collateral, the security interest, can be perfected by taking possession of it. Id. at § 10:9-313(a).

Advocate used the promissory notes from its customers as collateral for its line of credit with Hancock Bank. Because possession of the promissory notes has legal significance, their location is relevant for determining the location of Advocate's principal assets. It is undisputed that the

4

promissory notes were located in Baton Rouge, Louisiana during the 180 days prior to Advocate's filing its petition for bankruptcy relief. Thus, the bankruptcy judge did not err in finding that, pursuant to section 1408, venue is proper in the Middle District of Louisiana

## CONCLUSION

The opinion of the bankruptcy court granting of Hancock Bank's motion to transfer the matter to the United States Bankruptcy Court for the Middle District of Louisiana is **AFFIRMED**.

New Orleans, Louisiana, this __23rd__ day of July, 2010.

                    **MARY ANN VIAL LEMMON**
                    **UNITED STATES DISTRICT JUDGE**